UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1: 21-cv-21630-JLK

BEVERLY A. JENKINS,

    Plaintiff,

v.

THE GEOGROUP, INC.

    Defendant.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

THIS CAUSE is before the Court on Defendants'[1] Motion to Dismiss (DE 20) (the "Motion"), filed June 17, 2021. The Court has also carefully considered Plaintiff's Response (DE 22), filed on June 22, 2021, and pertinent parts of the record.

### I.     BACKGROUND

The background of the litigation between these parties began long before the instant case. In 2013, Plaintiff first filed a complaint against Defendants in state court that was dismissed with prejudice in 2015. Mot. at 2. In 2019, Plaintiff filed a new lawsuit in state court that was "essentially duplicative of her 2013 lawsuit," and it was dismissed based on *res judicata*. *Id.* The Florida court issued sanctions against Plaintiff due to her excessive filings. *Id.* In November 2020, Plaintiff filed a third lawsuit, this time in federal court, and it was dismissed for failure to state a

---

[1] Defendant Wellpath Recovery Solutions, LLC was incorrectly named and was never served in this lawsuit, yet joins in this Motion. *See* Mot. at 1.

claim. *Id* at 3, citing *Jenkins v. The GEO Group, Inc.*, No. 1:20-cv-24608, 2021 WL 2269824 (S.D. Fla. Mar. 24, 2021).

As for this case, Plaintiff filed her Complaint *pro se* in this Court on April 27, 2021. DE 1. Plaintiff filed an Amended Verified Complaint (DE 3) on May 3, 2021. Without leave of Court, Plaintiff filed a second Amended Verified Complaint (DE 7) on May 6, 2021, and then a third Amended Verified Complaint (DE 11) ("Am. Compl.") on May 17, 2021. Plaintiff alleges "Defendant illegally abridged the [P]laintiff's life, liberty, property, without equal protections of the [l]aw and without [d]ue [p]rocess of the [l]aw. . ." under the Fifth Amendment and Fourteenth Amendment. Am. Compl. at 2–3. This includes the Defendant "making false statements [] in the employee record book" and "retaliatory personnel action." Am. Compl. at 3. Generally, it appears Plaintiff is suing her former employer over a verbal and physical altercation with a patient, that the reporting of the incident included false statements, and for wrongful termination. *See generally* Am. Compl. Plaintiff seeks a judgment of $80 million or a settlement of $10 million. *See* Am. Compl. at 12. Defendants move to dismiss the case. *See* Mot.

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this "plausibility" standard, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## III.   DISCUSSION

Defendants move to dismiss for failure to state a claim. *See* Mot. Defendant describes the Amended Complaint as a "rambling mess." Mot. at 5. The Amended Complaint is a "disorganized narrative relating to her discharge by Wellpath in 2013" and "it [is] not clear how it relates to any legal claims." *Id.*

Defendants also move to dismiss based on lack of jurisdiction. Defendants argue that, despite Plaintiff mentioning the Fifth Amendment or Fourteenth Amendment, there is no federal question jurisdiction in the instant case because those amendments only apply to government actions. *Id.* at 6. Plaintiff does not allege government action occurred, and Defendants submit that they are not government entities. *Id.* Moreover, Defendants argue there is not diversity of citizenship, nor does Plaintiff allege such diversity. *Id.*

In her response, Plaintiff states her Amended Complaint "meets the legal requirements of the Rules of Civil Procedure." Resp. at 4. Plaintiff does not address the jurisdictional concerns raised by Defendants. *See generally* Resp. Plaintiff merely states that there is federal question jurisdiction because Defendants violated her Fifth Amendment and Fourteenth Amendment rights. Resp. at 3.

Even construing Plaintiff's *pro se* pleadings liberally, the Court agrees with Defendants. Upon careful review of the Amended Complaint and pleadings, the Court concludes that Plaintiff does not state a claim for relief and does not properly allege jurisdiction. Even if the Amended Complaint did properly alleged facts to state a claim and jurisdiction, the case may be barred by the *Rooker–Feldman* doctrine. *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) ("[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings.").

Accordingly, it is **ORDERED, ADJUDGED, and DECREED** as follows:

1. Defendants' Motion to Dismiss **(DE 20)** be, and the same is, hereby **GRANTED**,

2. Plaintiff's Amended Complaint **(DE 11)** is **DISMISSED WITH PREJUDICE**,

3. All pending motions are **DENIED AS MOOT**, and

4. The Clerk shall **CLOSE** the case.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida this 16th day of July, 2021.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

**cc:** **All counsel of record**
**Beverly A. Jenkins,** *pro se*